## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 248 | **DATE** | January 14, 2008 |
| **CASE TITLE** | *Three Zero Three v. Jamison* | | |

**DOCKET ENTRY TEXT:**

As detailed below, the defendants shall file an amended notice of removal by February 1, 2008. Failure to do so will lead to an order remanding this matter based on deficient jurisdictional allegations.

■[ For further details see text below.]

### STATEMENT

This matter is before the court pursuant to 28 U.S.C. § 1446(c)(4), which requires the court to examine notices of removal to determine if removal is proper. The plaintiff and one of the defendants are limited liability companies. In order for the court to have diversity jurisdiction over this case, the amount in controversy must exceed $75,000, exclusive of costs and interest, and the parties must be completely diverse. 28 U.S.C. § 1332. The notice of removal alleges that the plaintiff is an Illinois LLC with its principal place of business in Illinois and defendant Evergreen is a Delaware LLC with its principal place of business in Washington. These allegations are insufficient, as a limited liability company has the "citizenship of each of its members." *Wise v. Wachovia Securities*, LLC, 450 F.3d 265, 267 (7th Cir. 2006).

This defect is not necessarily fatal, as "jurisdiction exists in a removal action if the case might have been brought in a federal court to begin with," *Shaw v. Dow Brands, Inc.*, 994 F.3d 364 366 (7th Cir. 1993), and 28 U.S.C. § 1653 permits the court to allow amendment of defective allegations of jurisdiction at any time. *See* Wright, Miller & Cooper, Federal Practice and Procedure § 3733 at 537-38 (2d ed. 1985) ("the petition may be amended only to set out more specifically grounds for removal that have already been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished"). Nevertheless, as matters stand, the court cannot ascertain if subject matter jurisdiction is proper.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

Accordingly, the defendants shall file an amended notice of removal by February 1, 2008. Any amended notice of removal must list the members of the LLCs and provide complete citizenship information for each member. *See Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996) (the record must affirmatively establish the citizenship of every party). In the interests of staving off any additional jurisdictional difficulties, the court notes that an allegation that the plaintiff is not a citizen of any state that the defendants are a citizen of is insufficient. *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 529 (7th Cir. 2002) ("how can the plaintiffs know that the company's principal place of business is not in Louisiana if they don't know where its principal place of business is? We doubt that the plaintiffs conducted a census of all businesses whose principal place of business is in Louisiana and discovered that [the defendant] is not one of them"). In addition, allegations of citizenship that are made "upon information and belief" are insufficient under Federal Rule of Civil Procedure 11, which imposes a duty of reasonable pre-complaint inquiry on the plaintiff. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.,* 142 F.R.D. 150, 152 (N.D. Ill. 1992), *citing Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir. 1992).