IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| THREE ZERO THREE CAPITAL PARTNERS, LLC, on behalf of itself and 303 Energy Trading Alliance, LLC <br><br> Plaintiff <br><br> v. <br><br> WILLIAM JAMISON, JR., STEPHEN HARPER, JEFFREY ONG and EVERGREEN ENERGY CAPITAL, LLC <br><br> Defendants. | No. 08 C 248 <br><br> Judge Blanche M. Manning <br> Magistrate Judge Arlander Keys |

**DEFENDANT EVERGREEN ENERGY CAPITAL, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO <u>COUNT III OF PLAINTIFFS' VERIFIED COMPLAINT AT LAW</u>**

In Count III of its Verified Complaint at Law ("Complaint"), Three Zero Three Capital Partners, LLC ("Three Zero Three") claims that Evergreen Energy Capital, LLC executed a Line of Credit Note (the "Note") with Three Zero Three in the principal amount of $100,000. Although this Note was a demand note for which Three Zero Three never made a demand for payment, Three Zero Three claims that Evergreen is liable for the principal amount outstanding on the Note of $62,500. Because, as a matter of law, Evergreen cannot be liable on the Note without Three Zero Three first making a demand for payment, this Court should grant summary judgment in favor of Evergreen as to Count III of the Complaint.

**I.    SUMMARY JUDGMENT STANDARD**

A movant is entitled to summary judgment when the record, viewed in the light most favorable to the non-movant, shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Moser v. Indiana Dep't of Corr.*, 406 F.3d 895, 900 (7th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986)). To determine whether a genuine issue of material fact exists, "courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." *See Chiaramonte v. Fashion Bed Group, Inc.*, 129 F. 3d 391, 395 (7th Cir. 1997) However, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Id.* (citations and internal quotation marks omitted). A mere scintilla of evidence in support of the nonmovant's position is insufficient; instead, the nonmovant must present definite, competent evidence to rebut the motion. *See Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). Accordingly, "summary judgment is properly granted when a non-movant fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial." *Bell v. Trustees of Purdue Univ.*, 975 F.2d 422, 430 (7th Cir. 1992) (citing *Celotex Corp.*, 477 U.S. at 322).

**II.      THREE ZERO THREE DID NOT DEMAND PAYMENT OF THE NOTE, AND THEREFORE, AS A MATTER OF LAW, CANNOT PROVE ITS LINE OF CREDIT CLAIM.**

In this case, without first making a demand for repayment of the Note, Three Zero Three cannot, as a matter of law, meet its burden of proving that it can recover on its line of credit claim. The Note that Three Zero Three extended to Evergreen was a demand note. (*See* Line of Credit Note, attached as Exhibit B to Defendant Evergreen Energy Capital, LLC's Local Rule 56.1 Statement of Facts ("Stmt. of Facts") filed contemporaneously herewith.) It specifically noted:

> the principal indebtedness evidenced hereby but unpaid thereon shall be payable within thirty (30) days of demand by Lender.

(*Id.*)  Accordingly, by the express terms of the Note, Evergreen cannot be liable for repayment unless Three Zero Three demands repayment.  Put another way, to prevail on Count III, Three Zero Three must prove that it demanded payment from Evergreen for the outstanding amount of the Note and that, after such demand, Evergreen failed to repay the Note within the thirty days by the Note.

Here, Three Zero Three cannot meet that burden.  After Evergreen repaid $37,500 of the principal balance of the Note on or about April 25, 2007, Three Zero Three did not demand repayment of the remaining $62,500 of the principal outstanding.  (*Id.* at ¶11, 13.)  Indeed, at no point did Three Zero Three ever demand payment of the amount outstanding on the Note.  (*Id.* at ¶13.) Therefore, as a matter of law, without Three Zero Three making a demand, Evergreen is not liable for repayment.

Because Evergreen cannot be liable for repayment unless Three Zero Three makes a demand for repayment and because Three Zero Three never made such a demand, Three Zero Three cannot meet its burden of proving the facts necessary to enforce its line of credit claim. Accordingly, this Court should grant Evergreen's motion and enter summary judgment in favor of Evergreen.

## III.    CONCLUSION

For the reasons set forth above, this Court should grant Defendant's motion for summary judgment and enter judgment in favor of Evergreen as to Count III of the Complaint.

Dated: January 18, 2008                     Respectfully submitted,

                                                      EVERGREEN ENERGY CAPITAL, LLC

                                                      /s/ Amy J. Carletti
                                                      One of its attorneys

Steven P. Handler
Amy J. Carletti
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000

## **CERTIFICATE OF SERVICE**

     I, Amy J. Carletti, certify that service of the above instrument was accomplished pursuant to ECF upon counsel of record for plaintiffs, who is a Filing User according to the Court's General Order On Electronic Filing and by first-class U.S. Mail, postage prepaid upon:

                       Richard T. Reibman
                       Schwartz Cooper Chartered
                       180 N. LaSalle Street, Suite 2700
                       Chicago, Illinois 60601

on this 18th day of January, 2008.

                                                      /s/ Amy J. Carletti

CHI99 4929687-1.081707.0011