## LINE OF CREDIT NOTE

$100,000

July 27, 2006

FOR VALUE RECEIVED, the undersigned, EVERGREEN ENERGY CAPITAL, LLC ("Borrower"), HEREBY UNCONDITIONALLY PROMISES TO PAY to the order of THREE ZERO THREE CAPITAL PARTNERS, LLC, an Illinois limited liability company ("Lender"), at 303 West Madison Street, Suite 400, Chicago, Illinois 60606, or at such other place as the holder of this Note may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal sum of ONE HUNDRED THOUSAND and 00/100 DOLLARS ($100,000), or the amount outstanding as endorsed on the grid attached to this Note (or recorded in Lender's books and records, if Lender is the holder hereof). Endorsement or recording by Lender of the principal balance outstanding hereunder shall be rebuttably presumptive evidence of the principal balance due on this Note. The unpaid principal balance outstanding hereunder shall bear interest at the rate provided below from the date such principal is advanced until payment in full thereof.

The principal indebtedness evidenced hereby but unpaid thereon shall be payable within thirty (30) days of demand for payment by Lender.

Interest shall not accrue on the principal balance remaining unpaid under this Note during each calendar month (whether full or partial) from and after the date set forth above until maturity. The interest shall thereafter be at the "Default Rate," which shall mean ten percent (10%), until the principal balance hereof is paid in full. This interest shall be computed on the basis of a year consisting of 360 days and twelve (12) thirty (30) day months.

If payment hereunder becomes due and payable on a Saturday, Sunday, or a legal holiday under the laws of the State of Illinois, the due date thereof shall be extended to the next succeeding business day. Checks, drafts or similar items of payment received by Lender shall not constitute payment to Lender unless and until such item of payment has actually been collected by Lender and credited to Lender's account, but credit therefor, shall, solely for the purpose of determining the occurrence of an Event of Default (as hereafter defined), be given on the date the same is actually received by Lender.

Whenever in this Note there is reference made to Lender or Borrower, such reference shall be deemed to include as applicable, a reference to the respective successors and assigns of said party. The provisions of this Note shall be binding upon and shall inure to the benefit of said successors and assigns. Borrower's successors and assigns shall include, without limitation, Borrower as debtor in possession or a receiver or trustee of or for Borrower.

In no contingency or event whatsoever shall the Default Rate charged hereunder exceed the highest rate permissible under any law that a court of competent jurisdiction shall, in a final determination, deem applicable hereto. In the event that such a court determines that Lender has received interest hereunder in excess of the highest rate applicable hereto, Lender shall promptly refund such excess interest to Borrower.

**EXHIBIT B**

For purposes of this Note, an "Event of Default" shall occur upon the occurrence of any of the following: (i) the failure of the Borrower to pay any amount due and payable hereunder when due; or (ii) the failure of Borrower to perform, keep or observe any term, provision, condition or covenant contained in this Note or any other agreement entered into between Borrower and Lender.

Upon the occurrence of an Event of Default, at Lender's option, and without notice from Lender to Borrower except as otherwise expressly required herein: (A) Lender may declare the entire unpaid principal balance on this Note immediately due and payable; (B) Lender may exercise any one or more of the rights and remedies accruing to a secured party under the Uniform Commercial Code of the relevant jurisdiction and any right or remedy available at law or in equity; and (C) Lender may exercise any one or more of its rights and remedies under this Note.

The Lender's remedies under this Note are cumulative and concurrent and may be pursued singly, successively, or together against the Borrower, and the Lender may resort to every other right or remedy available at law or in equity without first exhausting the rights and remedies contained herein, all in the Lender's sole discretion. Failure of Lender, for a period of time or on more than one occasion, to exercise any right or remedy shall not constitute a waiver of such right or remedy at any time during the continued existence of any Event of Default or in the event of any subsequent Event of Default. Lender shall not by any other omission or act be deemed to waive any of its rights or remedies hereunder unless such waiver be in writing and signed by Lender, and then only to the extent specifically set forth therein. A waiver in connection with one event shall not be construed as continuing or as a bar to or waiver of any right or remedy in connection with a subsequent event.

If any attorney is engaged by Lender, including, and without limitation (a) to collect the indebtedness evidenced hereby, whether or not legal proceedings are thereafter instituted by the Lender; (b) to represent the Lender in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Note; (c) to represent the Lender in any other proceedings whatsoever in connection with this Note; or (d) to advise the Lender with regard to its rights under this Note; then in each such case the Borrower shall pay to the Lender all reasonable attorneys' fees and expenses incurred by the Lender in connection therewith, in addition to all other amounts due hereunder.

Lender shall not, by any act of omission or commission, be deemed to waive any of its rights or remedies hereunder unless such waiver be in writing and signed by an authorized officer of Lender and then only to the extent specifically set forth therein. A waiver on one occasion shall not be construed as continuing or as a bar to or waiver of such right or remedy on any other occasion. All remedies conferred upon Lender shall be cumulative and none is exclusive, and such remedies may be exercised concurrently or consecutively at Lender's option.

To the extent permitted by law, every person at any time liable for the payment of the debt evidenced hereby waives presentment for payment, demand, notice of nonpayment of this Note, protest and notice of protest, trial by jury in any litigation arising out of, relating to, or connected with this Note or any instrument given as security therefor, and all exemptions and homestead laws and all rights thereunder, and consents that Lender may extend the time of payment of any part or

the whole of the debt, or grant any other modifications or indulgence pertaining to payment of this Note at any time, at the request of any other person liable for said debt.

This Note has been executed, delivered and accepted at Chicago, Illinois, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of Illinois.

THE LENDER AND BORROWER KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE IRREVOCABLY, THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY LEGAL PROCEEDING BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE, OR ANY COURSE OF CONDUCT OR COURSE OF DEALING IN WHICH THE LENDER AND BORROWER ARE ADVERSE PARTIES. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE LENDER GRANTING ANY FINANCIAL ACCOMMODATION TO THE BORROWER.

TO INDUCE THE LENDER TO MAKE THE LOAN, THE BORROWER IRREVOCABLY AGREES THAT ALL ACTIONS ARISING, DIRECTLY OR INDIRECTLY, AS A RESULT OR CONSEQUENCE OF THIS NOTE OR ANY OTHER AGREEMENT WITH THE LENDER, SHALL BE INSTITUTED AND LITIGATED ONLY IN COURTS HAVING SITUS IN COOK COUNTY, ILLINOIS. THE BORROWER HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT HAVING ITS SITUS IN SAID COUNTY, AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS. THE BORROWER HEREBY WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS AND CONSENTS THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO THE BORROWER IN THE MANNER PROVIDED BY APPLICABLE STATUTE, LAW, RULE OF COURT OR OTHERWISE.

THE BORROWER WAIVES EVERY PRESENT DEFENSE, CAUSE OF ACTION, COUNTERCLAIM OR SETOFF WHICH THE BORROWER MAY NOW HAVE TO ANY ACTION BY THE LENDER IN ENFORCING THIS NOTE.

Whenever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

BORROWER:

EVERGREEN ENERGY CAPITAL, LLC

Signature: _____
Print Name: STEPHEN A. HARPER
Title: Principle

## SCHEDULE OF
## LOAN ADVANCES AND PAYMENTS

| Date and Amount Loan No. | of Loan | Amount of Payment and Loan No. to Which Applied | Balance Remaining Unpaid | Notation Made By |
|---|---|---|---|---|
| 7-27-06 | $100,000 | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |